[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This action arises out of a domestic violence incident which occurred on November 19, 1993. On that date, Newtown police officers, Robert Haas and Aaron Bahamonde, were directed to proceed to 126 South Main Street in Newtown where Christine Czap and Michael Swift were engaged in a verbal dispute. Swift was arrested but the officers failed to confiscate a firearm that Swift was carrying at the time of the incident. On November 25, 1993 Swift returned to 126 South Main Street and shot Czap to death with the firearm. Swift then fatally shot himself. CT Page 2008
On February 26, 1997, the plaintiff, in his capacity as Administrator; for the Estate of Christine Czap filed a three-count second amended complaint. The first count alleges that Haas and Bahamonde acted negligently when they failed to seize Swift's pistol on November 19, 1993. The second count asserts that the Chief of the Newtown Police Department, Michael DeJoseph, and the Town of Newtown negligently failed to implement operational guidelines applicable to family violence incidents. This count further alleges that DeJoseph and the Town neglected to provide officers with domestic violence training and failed to employ properly trained officers. The third count alleges that the town is required to indemnify Haas, Bahamonde, and DeJoseph pursuant to General Statutes 57-465.
The defendants now move for summary judgment on the ground that they arc entitled to governmental immunity. "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Evon v. Andrews,211 Conn. 501, 505 (1989).
The plaintiff has asserted that General Statutes § 46b-38b
and the procedures and guidelines of the Newtown Police Department required Haas and Bahamonde to confiscate Swift's weapon on November 19, 1993. Nothing in § 46b-38b or the department's policies, however, require police officers to seize firearms in domestic violence cases. Any duty owed by the officers to the decedent, therefore, was discretionary in nature."[1] Therefore, in order to prevail, the [plaintiff's] claim must fall within one of the recognized exceptions to qualified immunity for discretionary acts. Our cases recognize three such exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.)Purzycki v. Fairfield, 244 Conn. 101, 108 (1998).
The only exception relevant to this case is the first one. In CT Page 2009 order for imminent harm to exist, however, the dangerous condition must be limited in duration. Purzycki v. Fairfield, supra, 109-111. Although certain evidence suggests that Swift threatened to use the pistol about a month before the fatal shooting, there is no indication that Swift intended to carry out that threat at any particular time. Thus, the shooting "could have occurred at any future time or not at all." Evon v. Andrews, supra, 508. The imminent harm exception, therefore, does not apply to the present case.
With regard to the claims against DeJoseph and the Town, the court concludes that the alleged negligent acts involved discretionary duties. The great weight of authority indicates that "the operation of a police department is a discretionary governmental function." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 179 (1988). Moreover, "the act of training and supervising police officers is clearly a discretionary governmental function." Cook v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 362482 (August 21, 1992, Aurigemma, J.) (7 C.S.C.R. 1096).[2]
As noted, none of the recognized exceptions to qualified immunity for discretionary acts apply to the facts of this case. The defendants are entitled to rely on qualified immunity in the defense of this action with respect to their liability.
The motion for summary judgment is, accordingly, granted.
Moraghan, J.